UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION
193 Walter E. Hoffman Courthouse
600 Granby Street
Norfolk, VA 23510-1915



FILED
SEP - 4 2008
CLERK, US DISTRICT COURT
NORFOLK, VA

SHARON F. MOORE,

        Plaintiff,

v.

WELLS FARGO BANK, N.A.
7185 Vista Drive
West Des Moines, IA 50266,

        Defendant.

Civil Action No. 2:08cv413

# COMPLAINT

This is an action seeking enforcement of a rescission of a mortgage transaction pursuant to the federal Truth-in-Lending Act, 15 U.S.C. § 1601 et seq ("TILA") and seeking statutory damages for violation of TILA.

## I. Jurisdiction

1. This Court has jurisdiction as to this case under the provisions of 15 U.S.C. §1601 et seq. and 28 U.S.C. §1331.

## II. Parties

2. The plaintiff, Sharon F. Moore ("Moore"), is a natural person residing at 5218 Regatta Point, Suffolk, VA 23435 ("the home").

3. The defendant, Wells Fargo Bank, N.A. ("Wells Fargo") is a bank doing business in the Commonwealth of Virginia.

## III. Facts.

4. On May 25, 2006, Moore was owner of the home, which was her sole place of residence. The home had been her sole place of residence for a continuous period of time prior to that time and has remained her sole place of residence continuously since that time.

5. On May 25, 2006, Wells Fargo was engaged in a large number of consumer credit mortgage loans, far beyond the threshold to bring it within the governance of TILA as a creditor as to refinance mortgage loans.

6. On May 25, 2006 Wells Fargo and Moore entered into two refinance credit transactions, a first mortgage loan for $840,000.00 (the first lien credit transaction") and a second mortgage loan for $150,000.00 ("the second lien credit transaction") within the meaning of TILA in which the creditor was Wells Fargo and Moore was the debtor. The credit transactions were evidenced by notes ("the first lien note" and "the second lien note") signed by Moore bearing the date of May 25, 2006. The first lien note was secured by a deed of trust ("the first lien deed of trust") signed by Moore bearing the date of May 25, 2006. The first lien deed of trust was a lien on the home. The second lien note was secured by a deed of trust ("the second lien deed of trust") signed by Moore bearing the date of May 25, 2006. The second lien deed of trust was a lien on the home.

7. Both credit transactions were entered into as consumer loans and were subject to TILA and subject to the rescission provisions of TILA.

8. As to both credit transactions, Wells Fargo was required by TILA to provide to Moore certain material disclosures as to the credit transaction ("the required material disclosures"). However, Wells Fargo failed to meet that obligation as to both credit transactions, although it provided to Moore as to both credit transactions certain

2

documents purporting to comply with those disclosure requirements, including a document purporting to disclose to Moore the amount financed; finance charge; total of payments; annual percentage rate; and amount, number and due dates of payments ("the TILA disclosure statement") and a document entitled "Notice of Right to Cancel" ("the notice of right to cancel").

9. Wells Fargo materially failed to meet its TILA disclosure obligations as to written disclosure to Moore as to each of the credit transactions, for reasons including but not limited to the specifics set forth in a document described hereinafter and attached hereto as "Exhibit A."

10. On June 24, 2008, there was a non-judicial foreclosure process underway as to the first lien credit transaction in which a substitute trustee pursuant to the first lien deed of trust, at the instruction of Wells Fargo, had advertised in a newspaper that the substitute trustee would sell the home at public foreclosure auction on July 1, 2008.

11. During the pendency of such non-judicial foreclosure process, by letter dated June 27, 2008, Moore, by counsel, mailed to Wells Fargo a written notice of rescission that rescinded the credit transaction ("the notice of rescission"). A copy of the notice of rescission is attached hereto marked "Exhibit A."

12. Wells Fargo received Exhibit A.

13. Wells Fargo did not act within 20 days of its receipt of Exhibit A to tender in rescission pursuant to TILA as to either of the credit transactions.

14. Wells Fargo responded to Exhibit A with a letter dated August 11, 2008, refusing, as to both credit transactions, to honor the notice of rescission. A copy of that letter is attached hereto marked "Exhibit B."

15. At the instruction of Wells Fargo, the substitute trustee again advertised the home for foreclosure sale on September 9, 2008 as to the first deed of trust.

16. On information and belief, Moore avers that if the Court adjudicates that she validly rescinded either or both of the credit transactions, she might be able to obtain funds to tender the remaining amount due by her to the creditor as to both credit transactions in TILA rescission after credit for all payments made and for the statutory damages to which she is entitled for the refusal of Wells Fargo timely to tender in TILA rescission as to both credit transactions and its action instead to dishonor and repudiate the notice of rescission as to both credit transactions. Although Moore has grounds to aver that she might be able to make such tender as to either or both credit transactions, as a last resort, if she were not able to obtain such financing, she would sell the home. On information and belief, the net proceeds from any such sale would be sufficient to make such tender as to either or both credit transactions. Moore cannot now determine what amount would be due from her in TILA rescission as to either or both credit transactions.

17. Moore requests that the Court exercise its equitable discretion to alter the timing of tender as to her rescission of both credit transactions so that her duty to make tender would not take place until a reasonable time after adjudication of her right to tender and of her right to statutory damages and of the amount she would be required to tender in TILA rescission.

18. The finance charge in the credit transaction was more than $1,000.00.

19. Moore's rights are in doubt and in peril.

## Causes of Action

20. Moore is entitled to a judgment against Wells Fargo for statutory damages pursuant to TILA for $2,000.00 as to each of the credit credit transactions because of Wells Fargo's failure with 20 days of receipt of the notice of rescission to tender in TILA rescission and because Wells Fargo instead dishonored and repudiated the notice of rescission as to both credit transactions. Because she is entitled to statutory damages of $2,000.00 as to each of the credit transactions, she is entitled to a total recovery against Wells Fargo of $4,000.00.

21. Moore is entitled to a declaratory judgment that she validly rescinded both credit transactions and is entitled to enforcement of rescission as to both credit transactions and seeks a declaratory judgment as to the amount of tender that will be due from her in TILA rescission after credit for statutory damages pursuant to TILA as to each of the credit transactions.

22. The Court has equitable discretion upon adjudication of Moore's right of rescission as to the credit transactions pursuant to TILA to alter the timing of tender to allow Moore reasonable time to make tender in TILA rescission as to both credit transactions.

## V. Demand for Jury Trial

23. Moore calls for trial by jury.

## VI. Conclusion

WHEREFORE, Moore prays that the Court:

A. Enter a declaratory judgment that she gave timely and valid notice of rescission of both credit transactions pursuant to TILA

B.  Enter a declaratory judgment adjudicating the amount that is due by her to the creditor in TILA rescission as to each of the credit transactions.

C.  Enter an order exercising the Court's equitable jurisdiction to alter the timing of tender to allow her a reasonable time to obtain financing to tender the amount due by her in TILA rescission as to each of the credit transactions.

D.  Enter a judgment in her favor against Wells Fargo for $4,000.00 statutory damages pursuant to TILA for Wells Fargo's repudiation and dishonor of the notice of rescission and failure timely to rescind pursuant to TILA as to each of the credit transactions.

Respectfully submitted,

**SHARON F. MOORE,**

By _____
            Counsel

Henry W. McLaughlin (VSB No. 07105)
Central Virginia Legal Aid Society, Inc.
101 West Broad Street, Suite 101
P. O. Box 12206
Richmond, Virginia 23241
Telephone No. (804) 648-1012
Facsimile No. (804) 649-8794
Counsel for Plaintiff