LAW OFFICES
# CENTRAL VIRGINIA LEGAL AID SOCIETY, INC.
### RICHMOND OFFICE
101 WEST BROAD STREET, SUITE 101 • P.O. BOX 12206 • RICHMOND, VA 23241

(804) 648-1012
FAX: (804) 225-8197 OR 648-2936

June 27, 2008

Wells Fargo Bank, N.A.
4456 Corporation Lane
Suite 300
Virginia Beach, VA 234620000
**By Certified and Regular Mail and By Federal Express**

Wells Fargo Bank, N.A.
7185 Vista Drive
West Des Moines, IA 50266
**By Certified and Regular Mail and By Federal Express**

**Rescission of Credit Transactions Evidenced by Notes Dated May 25, 2006**

Dear Wells Fargo Bank, N.A.:

I represent Sharon F. Moore, who resides at 5218 Regatta Point, Suffolk, VA 23435 ("the home").

Ms. Moore, by counsel, hereby pursuant to the federal Truth In Lending Act, 15 U.S.C. § 1601 et seq ("TILA") rescinds the two credit transactions entered into in May, 2006 evidenced by two notes dated May 25, 2006 ("the credit transactions") in which you were the creditor and she was the debtor. Both notes were secured by deeds of trust, both of which were liens on the home. One of the notes was for $840,000.00 and one of the notes was for $150,000.00

TILA does not require debtors to set forth in rescission notices the grounds for rescission, and, therefore, a statement of grounds for rescission in this letter is not intended as a waiver of the right of Ms. Moore to rely upon grounds for rescission not set forth in this letter.

Ms. Moore is entitled to rescind the credit transaction evidenced by a note for $840,000.00 for reasons including but not necessarily limited to the following:

1. The finance charge was materially under disclosed for reasons including but not necessarily limited to the fact that you overpaid your self for the amount due on loan number 0056894041. A payoff dated May 23, 2006 for loan number 0056894041 stated that that loan could be paid off for a total sum of $653,737.20




*Serving: Richmond Henrico Powhatan Hanover Goochland New Ken[t]*

EXHIBIT A

Wells Fargo Bank, N.A.
June 27, 2008
Page Two

and that such payoff was good through June 2, 2006. However, the HUD-1 for the $840,000.00 loan shows a payment to you of $654,602.00 for mortgage payoff. Because there is currently a non-judicial foreclosure process pending as to the $840,000.00 loan, under TILA, the tolerance for under disclosure of the finance charge is $35.00. Your overpayment to yourself far exceeded $35.00 for payoff of loan number 005689. Because this overpayment to yourself was not included in what was disclosed as the finance charge, you materially under disclosed the finance charge as to this loan.

2. The truth-in-lending disclosure statement delivered to Ms. Moore in connection with the loan did not disclose the annual percentage rate or the finance charge more prominently than other disclosures (such as for the amount financed and the total of payments). This was a material violation of TILA.

Ms. Moore is entitled to rescind the transaction evidenced by a note for $150,000.00 for reasons including but not necessarily limited to the following:

As to that credit transaction, you did not provide her any written disclosure of the annual percentage rate; finance charge; amount financed; total of payments; or amount, number, and due dates of payments.

In addition to the above, there was a material defect as to the notices of right to cancel. One form for such notices correctly stated that the transaction was an extension of new credit and that a rescission would only affect the new extension of credit. Ms. Moore received two copies of that notice. The second notice incorrectly was on the form for transactions that are not extensions of new credit and did not disclose that the earlier debt(s) would not be rescinded. Also, you only provided her with one copy of that notice. It is unclear as to which of the loans was the loan as to which the defective notice was provided. However, Ms. Moore is entitled to rescind that loan for the reason that that notice was materially defective.

Under the provisions of TILA, this notice of rescission voids both mortgages that secure these credit transactions and the creditor will have 20 days from receipt of this notice to take certain action required by TILA. Because of these rescissions, the earlier mortgages on the property are revived. Time is of the essence as to the requirement timely to take creditor action required as a result of your receipt of this rescission of these credit transactions. Therefore, you may wish to refer this matter immediately to your legal counsel.

Because this notice of rescission voids both mortgages, there will remain no basis for any further action pursuant to the loan evidenced by the $840,000.00 note towards foreclosure on the home. Therefore, by copy of this letter to the office of the substitute trustee on the deed of trust securing that note, I call upon that office to cancel the foreclosure sale scheduled for July 1, 2008 as to the mortgage securing that note.

Because time is of the essence, and because the 20 day deadline carries significant ramifications, you may wish to make your legal counsel aware of this letter immediately.

Wells Fargo Bank, N.A.
June 27, 2008
Page Three

With best wishes.

                                                Sincerely,

                                                Henry W. McLaughlin
                                                Attorney At Law

Cc:  Samuel I. White, P.C.
      5040 Corporate Woods Drive
      Suite 120
      Virginia Beach, VA 23462
      (By facsimile – 757-497-2802)