UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

FEB 10 2009

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

SHARON F. MOORE,

    **Plaintiff,**

v.                                          Civil Action No. 2:08cv413

WELLS FARGO BANK, N.A,

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant's motion contends that the Complaint should be dismissed because: (1) Plaintiff seeks rescission of a mortgage pursuant to the Truth in Lending Act without offering to tender property to Defendant; and (2) Plaintiff fails to state a claim for statutory damages. After examining the motion, the associated briefs, and the Complaint, the Court finds that oral argument is unnecessary since the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth in detail below, Defendant's motion to dismiss is **DENIED**.

### I. Factual & Procedural Background

Plaintiff, Sharon F. Moore, initiated the instant action against Defendant Wells Fargo Bank, N.A., ("Wells Fargo"), based on two refinance mortgages entered into between the parties in May of 2006. Both transactions were secured by a deed of trust on Plaintiff's home, and as stated in the Complaint, both credit transactions are subject to the Truth in Lending Act ("TILA").

On June 27, 2008, subsequent to the initiation of a non-judicial foreclosure process as to the first credit transaction at issue, Plaintiff mailed a letter to Wells Fargo purportedly rescinding both the first and second credit transactions entered into in May of 2006. (Compl. ¶ 11 and App. A.) Plaintiff's rescission was premised on purported violations of the TILA disclosure requirements. On August 11, 2008, Wells Fargo sent a letter in response, refusing to honor the notice of rescission since Wells Fargo's independent examination revealed that it had complied with the TILA disclosure requirements. (Compl. ¶ 14 and App. B.)

On September 4, 2008, Plaintiff initiated the instant suit seeking: (1) statutory damages in the amount of $4,000 based on Wells Fargo's repudiation of the rescission notice; (2) a declaratory judgment finding that Plaintiff validly rescinded both transactions; (3) a "declaratory judgment as to the amount of tender that will be due from her in TILA rescission"; and (4) a "reasonable time to make tender" as to both credit transactions. (Compl. ¶¶ 20-22.) Defendant thereafter filed the instant motion to dismiss averring that the Complaint fails to establish that Plaintiff intended to, or was able to, make tender. As briefing of the instant motion is complete, Defendant's motion is now ripe for review.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to seek dismissal based on the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A 12(b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Markets, Inc. v. J.D. Associates Ltd. Partnership*, 213 F.3d 175, 180 (4th Cir. 2000). Although the truth of the facts alleged is assumed, courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic*, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Fair notice is provided by setting forth enough facts to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1964-65 (internal citations omitted). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 1965 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A complaint may therefore survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III. Discussion

Wells Fargo's motion to dismiss relies primarily on its assertion that Plaintiff's complaint does not adequately establish that Plaintiff intends to tender, or is capable of tendering, should

3

the Court conclude that rescission is appropriate.[1] Although Plaintiff contends that rescission was automatic as of June 27, 2008, when the letter seeking to rescind the loan transactions was sent to Wells Fargo, the Fourth Circuit follows the majority view that "unilateral notification of cancellation does not automatically void the loan contract." *American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007). Rather, unilateral notification merely advances *a claim seeking rescission* and a loan contract will not be effectively voided until "the creditor acknowledges that the right to rescission is available, or . . . [an] appropriate decision maker has so determined." *Id.* (quoting *Large v. Conseco Fin. Servicing Corp.*, 292 F.3d 49, 54-55 (1st Cir. 2002)). In a scenario involving a contested rescission, such as the instant matter, if the trial judge determines that the plaintiff seeking rescission is "unable to tender the loan proceeds, the remedy of unconditional rescission [i]s inappropriate." *Id.*

Here, as Wells Fargo has contested the rescission, Plaintiff has merely asserted a claim seeking rescission. Although Wells Fargo may be correct that rescission is not appropriate *if* this Court concludes that Plaintiff is unable to tender, at this stage in the case, the Court cannot reach the factual question regarding Plaintiff's ability to tender as, viewing the facts in a light most favorable to the Plaintiff, the Complaint sufficiently alleges that Plaintiff can and will tender the loan proceeds either by: (1) refinancing her home; or (2) selling her home and using "the net proceeds from such sale . . . to make such tender."[2] (Compl. ¶ 16.) The Court rejects

---

[1] Wells Fargo's motion also seeks the dismissal of Plaintiff's claim for statutory damages. Defendant's argument with respect to the statutory damages appears premature, as if Plaintiff properly invoked her right to rescind and Wells Fargo improperly refused to take the steps required by TILA, statutory damages might be appropriate.

[2] Defendant also argues that Plaintiff's complaint is deficient because it fails to allege Plaintiff's willingness to tender her house, rather than a willingness to tender the loan proceeds. The Court is not convinced that, on these facts, "property," as that term is used in 15 U.S.C.

4

Defendant's invitation to "take judicial notice" of the declining housing market in order to make a factual finding that Plaintiff is unable to tender, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Twombly*, 127 S. Ct. at 1965 (quoting *Neitzke*, 490 U.S. at 327). Although Defendant seeks to undercut Plaintiff's factual ability to tender, Wells Fargo has failed to cite any authority indicating that a Plaintiff seeking TILA recision is required to conclusively establish her ability to tender through her Complaint and it is unlikely that any such case law exists as such a requirement appears in conflict with Federal Rule of Civil Procedure 8(a) and *Bell Atlantic*.[3] Furthermore, Defendant's

---

§ 1635(b), can be read to cover Plaintiff's house since the house is merely security for repayment of the "property" provided by the creditor, i.e. the loan proceeds. *See* Ralph J. Rohner & Frederick H. Miller, Truth in Lending 654 (ABA Section of Business Law 2006) (indicating that the "issue of whether a particular tender involves money or property . . . should be governed by what was obtained from the creditor . . . [and] [t]hus, a loan should require the consumer to tender money . . ."); *Powers Sims & Levin*, 542 F.2d 1216, 1221-22 (4th Cir. 1976) (finding that the borrowers' right to rescission of a loan used to both pay off a prior loan and to improve the borrowers' home may be conditioned on the borrowers' "tender to the lender of *all of the funds spent by the lender in discharging the earlier indebtedness of the borrowers* as well as the value of the home improvements") (emphasis added); *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003) ("[I]n applying TILA, 'a trial judge ha[s] the discretion to condition rescission on tender by the borrower of *the property he had received from the lender*.'") (emphasis added) (quoting *Ljepava v. M.L.S.C. Props., Inc.*, 511 F.2d 935, 944 (9th Cir. 1975)); 12 C.F.R. § 226.23 (indicating that after the creditor has complied with its duties in rescission "the consumer shall tender *the money or* property to the creditor") (emphasis added); *McKenna v. First Horizon Home Loan Corp.*, 475 F.3d 418, 421 (1st Cir. 2007) ("Rescission essentially restores the status quo ante; the creditor terminates its security interest and returns any monies paid by the debtor in exchange for the latter's return of *all disbursed funds or* property interests.") (emphasis added); *Shelton*, 486 F.3d at 820 ("The equitable goal of rescission under TILA is to restore the parties to the 'status quo ante.'"). Here, as the Complaint alleges that the "property" received by Plaintiff from Defendant was loan proceeds from two *refinance* credit transactions, the loan proceeds are the "property" that must be tendered by Plaintiff in rescission.

[3] To the extent that Defendant is concerned that plaintiffs may unjustifiably stall collection/foreclosure proceedings by filing an action such as the instant suit, one need only refer to Rule 11's provisions governing frivolous suits and the sanction of "reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

5

assertion that Plaintiff does not even intend to tender is directly foreclosed by the relief sought in the Complaint, which requests: (1) "a declaratory judgment as to the amount of tender that will be due from her in TILA rescission"; and (2) that the Court use its equitable discretion to allow Plaintiff "reasonable time to make tender in TILA rescission as to both credit transactions." (Compl. ¶¶ 21-22.)

After considering the facts and legal standard set forth above, it is apparent that the Complaint sets forth a short and plain statement of the claim that provides Wells Fargo fair notice of what the claim is, and the grounds on which it rests, and that Plaintiff intends to tender the loan proceeds if rescission is ordered by this Court. Although it is obvious that Wells Fargo questions Plaintiff's *factual ability* to tender, at this stage the Court cannot make factual determinations, even if, as argued by Defendant, the state of the housing market suggests that recovery may be remote and unlikely. *See Bell Atlantic*, 127 S. Ct. at 1965 ("[A] well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'") (quoting *Scheuer*, 416 U.S. at 236).

Here, because Defendant contests Plaintiff's right to rescind the loans at issue, Wells Fargo has not performed any steps that would trigger Plaintiff's duty to tender.[4] Although Plaintiff's *proven* inability to tender would unquestionably give this Court authority to exercise its discretion to deny rescission even if rescission was otherwise appropriate, such facts are not yet in evidence. Furthermore, an alternative outcome, if rescission is deemed appropriate but the Court questions Plaintiff's ability to tender, would be to grant Plaintiff what she seeks–a "time

---

[4] Plaintiff is not required to tender under TILA until Wells Fargo performs its obligations in rescission. *See* 15 U.S.C. § 1635(b) ("Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor . . . .").

certain to tender the net loan proceeds." *Shelton*, 486 F.3d at 821.[5] Although Wells Fargo's position may be sustainable at a later time in the instant litigation, at the 12(b)(6) stage the Court must rely on Plaintiff's recitation of the facts. Therefore, the Court accepts Plaintiff's assertion in her Complaint that she will tender the loan proceeds by refinancing if possible, or by sale of her home if necessary.

## IV. Conclusion

As discussed more fully above, because Plaintiff has sufficiently set forth enough facts to state a claim for rescission that is plausible on its face, and because the Court will not at this stage evaluate Plaintiff's factual ability to tender if rescission is deemed appropriate, Defendant's motion to dismiss is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ 
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 10, 2009

---

[5] The Fourth Circuit has indicated that allowing a plaintiff a "time certain" to tender is generally a "better practice" than denying rescission. *Shelton*, 486 F.3d at 821. However, granting a plaintiff such opportunity may be "unnecessary" when the facts of the case suggest that the plaintiff is unable to tender and such plaintiff has not made payments on the outstanding loan for a lengthy period after seeking to rescind the loan. *Id.*

7